**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES DAVID FOSTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO.  CIV-13-0880-HE |
| | ) | |
| OKLAHOMA ENERGY | ) | |
| ACQUISITIONS, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs are owners of undivided mineral interests in Kingfisher County, Oklahoma, which are subject to certain oil and gas leases owned at least in part by defendant Oklahoma Energy Acquisitions, LP ("Oklahoma Energy").  They filed this action in state court, asserting claims for breach of the implied covenant of further development and slander of title.  They asked that their title to the minerals be quieted and that defendant's leases be partially cancelled.  They also requested actual and punitive damages for defendant's alleged slander "in an amount to be proven at trial, but ... believed to be in excess of Seventy Five Thousand Dollars ($75,000.00)." Doc. #1-3, ¶24].  Defendant removed the action based on diversity of citizenship and plaintiffs have filed a motion to remand, asserting that the amount claimed in damages was in error.  They contend that their attorney mistakenly put "in excess of" rather than "less than" in the state court petition.

Section 1446(c)(2) of Title 28 provides that "[i]If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith

in the initial pleading <u>shall</u> be deemed to be the amount in controversy . . . .[1] (emphasis added).  The statute was revised in 2011 to add this language, which reflects Congress' attempt to promote predictability and ease in determining the amount in controversy in removed actions.  Based on the damages pleaded in the petition, which satisfied the jurisdictional amount requirement, defendant properly removed the lawsuit. The question is whether the court should now remand it based on counsel's mistake.

The court concludes that plaintiffs are stuck with their error.  The amount in controversy, though apparently pleaded incorrectly, was pleaded in good faith.  Moreover, based not just on the prayer for relief, but also the allegations in the petition, defendant has demonstrated that the case was properly removed.  Plaintiffs seek to recover punitive damages in addition to actual damages and,  if successful on their slander of title claim, can recover treble damages plus attorney's fees under 16 Okla. Stat § 79.[2]

As the case was properly removed, plaintiffs cannot now stipulate that they will not seek more than $75,000 to  defeat the  court's subject-matter jurisdiction.  *See* 14C Wright, Miller, Cooper & Steinman, <u>Federal Practice and Procedure</u>, § 3725.2 at 607 (4th ed. 2009) ("[O] nce a case that was initiated in state court has been removed properly, subsequent events that reduce the amount recoverable – such as the plaintiff's amendment of the complaint – will not defeat the federal court's subject-matter jurisdiction."); *see also*

---

[1]*This language was added by The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L.No. 112-63, 125 Stat. 758 (2011).*

[2]*Defendant also asserts that the production revenue it will lose if plaintiffs succeed could far exceed $75,000.*

McPhail v. Deere & Co., 529 F.3d 947, 954-55 (10th Cir. 2008) (once defendant has met its burden of showing it is "*possible* that $75,000 [is] in play," the defendant " is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake.").

Accordingly, plaintiff's motion to remand and to dismiss for lack of subject matter jurisdiction [Doc. #9] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2013.

[

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE